UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE BOYNTON, | ) | Case No. 1:11 CV 2810 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MICHAEL SHEETS, Warden, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

On December 23, 2011, Petitioner, Andre Boynton, filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. As grounds for the petition, he alleges seven constitutional violations (ECF #1 at 13-31) that occurred during his Cuyahoga County, Ohio Court of Common Pleas conviction for gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(1). This matter is before the Court on the Magistrate Judge's March 5, 2013 Report and Recommendation (ECF #11). This Court ADOPTS the Report and Recommendation of Magistrate Judge George J. Limbert and DISMISSES Petitioner's habeas corpus petition in its entirety with prejudice. In a well-reasoned and thorough opinion, the Magistrate Judge found numerous reasons to dismiss Petitioner's habeas corpus petition. In brief, the reasons are as follows.

**Grounds for Relief Numbers 1 & 2**

Petitioner has procedurally defaulted on his first ground for relief by failing to raise his claim of ineffective assistance of counsel - for failing to order an independent psychiatric examination - before the Ohio appellate court. 28 U.S.C. § 2254(b); *see Carter v. Mitchell*, 693

1

F.3d 555, 563-64 (6th Cir. 2012); *see also Clinkscale v. Carter*, 375 F.3d 430, 436-38 (6th Cir. 2004); *see also Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009).  Secondly, Petitioner has procedurally defaulted on his first ground for relief by failing to raise his claim of ineffective assistance of counsel - for failing to timely respond to discovery requests by the State of Ohio - before the Ohio appellate court or the Supreme Court of Ohio.  *Id.*  Further, Petitioner has produced no new evidence or claims of innocence; therefore, this Court does not find that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004).  Finally, a review of this case under the four-pronged *Maupin* analysis dictates that Petitioner has procedurally defaulted in his second ground for relief, claiming that the trial court abused its discretion in admitting certain evidence, exhibits 8, 9, and 10. *Maupin v. Smith*, 785 F.2d 135, 138-39 (6th Cir. 1986); Ohio App. R. 12(A)(2); Ohio App. R. 16(A)(7); *Banks v. Bradshaw*, 1:05 CV 1141, 2008 WL 4356955, at *11 (N.D. Ohio Sept. 17, 2008).

## Grounds for Relief Numbers 3, 5, 7

Petitioner's third ground for relief, that the trial court abused its discretion in sentencing, is not cognizable before this Court because Petitioner does not allege a sentencing error based on a violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a); *see Pulley v. Harris*, 465 U.S. 37, 41-42 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 68 (1991); *see also Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988); *see also Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see*

*also Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003); *see also Ruhlman v. Brunsman*, 664 F.3d 615, 618 (6th Cir. 2011).

Petitioner's fifth ground for relief, that his conviction is against the manifest weight of the evidence, is not cognizable before this Court because such a claim is derived from purely state law. *See Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *see also State v. Thompkins*, 678 N.E.2d 541, 546-48 (1997), *superseded by state constitutional amendment on other grounds, State v. Smith*, 684 N.E.2d 668 (1997), *cert. denied* 523 U.S. 1125 (1998); *see also James v. Moore,* 1:07 CV 330, 2008 WL 5188145, at *14 (S.D. Ohio Dec. 10, 2008); *see also Walker v. Timmerman-Cooper*, No. 1:05 CV 103, 2006 WL 3242101, at *6 (S.D. Ohio Oct. 5, 2006), *report and recommendation adopted sub nom., Walker v. Deb Timmerman-Cooper*, No. 1:05 CV 00103, 2006 WL 3803235 (S.D. Ohio Nov. 7, 2006); *see also Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985).

Petitioner's seventh ground for relief, that the cumulative errors in his case denied him a right to a fair trial, is not cognizable before this Court. "The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief" and Petitioner has not cited to a holding that either supports or mandates a review of a cumulative error claim. *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002); *see Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005).

## Grounds for Relief Numbers 4 & 6

Petitioner's fourth ground for relief, that insufficient evidence was presented in order to convict him of gross sexual imposition, is without merit. This Court holds that the Ohio

appellate court's ruling that any rational juror could have found Petitioner guilty based on the state proving all the elements of the offense beyond a reasonable doubt was not objectively unreasonable under *Jackson*. *Jackson v. Virginia*, 443 U.S. 307, 319-24, *reh'g denied*, 444 U.S. 890 (1979); *Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007); 28 U.S.C. § 2254(d); *see United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994); *see also Williams v. Haviland*, No. 1:05 CV 1014, 2006 WL 456470, at *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993); *see also Pinchon v. Myers*, 615 F.3d 631, 643-44 (6th Cir. 2010).

Finally, Petitioner's sixth ground for relief, that the state trial court denied him statutory and federal constitutional rights to a speedy trial, is not cognizable and without merit.  As Petitioner's claim for relief relates to a violation of a right to speedy trial under the Ohio Revised Code, the claim is a state law issue and not cognizable before this Court.  28 U.S.C. § 2254(a); *see Pulley*, 465 U.S. at 41; *see also Kerby v. Brunsman*, 3:08 CV 287, 2011 WL 3566121, at *11 (S.D.Ohio Apr. 28, 2011), *report and recommendation adopted*, 3:08 CV 287, 2011 WL 3566006 (S.D. Ohio Aug. 15, 2011).  As Petitioner's claim for relief relates to a violation of a Sixth Amendment right to speedy trial, the claim is without merit.  Specifically, the relevant circumstances in this case, taking into account the four *Barker* factors for considering whether a violation of a Sixth Amendment right to speedy trial has occurred, dictate that Petitioner's claim is without merit.  *Barker v. Wingo*, 407 U.S. 514, 521, 523, 530-33 (1972); *see Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *see also Brown v. Bobby*, 656 F.3d 325, 329-38 (6th Cir. 2011); *see also Vermont v. Brillon*, 129 S.Ct. 1283, 1290-91 (2009); *see also United States v. Brown*, 498 F.3d 523, 532 (6th Cir. 2007).

4

## Conclusion

The Court finds the Magistrate Judge's Report to be well-reasoned, thorough, and correct on all issues addressed therein.  Accordingly, the Report and Recommendation is ADOPTED, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability, 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED: April 22, 2013

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE